IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON  DIVISION


EARL A. OCKMAN                                             PLAINTIFF

          v.                          NO. 14-3015

CAROLYN W. COLVIN, Commissioner
Social Security Administration                            DEFENDANT


## <u>MEMORANDUM OPINION</u>

Plaintiff, Earl A. Ockman, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.      Procedural Background:

Plaintiff protectively filed his current applications for DIB and SSI on March 22, 2011,

alleging an inability to work since March 15, 2011, due to a hernia, depression, dyslexia,

illiteracy, joint pain, back pain, and high blood pressure.  (Tr. 224, 231, 309).  For DIB purposes,

Plaintiff maintained insured status through June 30, 2012.  (Tr. 17, 239).  An administrative

video hearing was held on May 31, 2012, at which Plaintiff appeared with counsel and testified.

(Tr. 38-102).

AO72A
(Rev. 8/82)

By written decision dated August 21, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: a large abdominal hernia, a mathematics disorder, and a reading deficit. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to perform work with simple, routine and repetitive tasks, involving only simple, work-related decisions, with few, if any workplace changes, and no more than incidental contact with co-workers, supervisors and the general public. He cannot engage in any occupation that requires more than simple math or reading.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a poultry laborer, and a production/assembly worker. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 13, 2013. (Tr. 9-12). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 10; Doc. 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

2

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial

3

gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in determining Plaintiff's severe impairments; 2) the ALJ erred in the credibility assessment of Plaintiff; and 3) the ALJ erred in failing to consider the provisions of SSR 82-63 showing an inability to make an adjustment to other work.

**A.   Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2012. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of March 15, 2011, his alleged onset date of disability, through June 30, 2012, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration

4

of his insured status, he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death.  Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.     Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c).  To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987).  The claimant, however, has the burden of proof of showing he suffers from a medically-severe impairment at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find Plaintiff's alleged diverticulitis to be a severe impairment, the ALJ specifically discussed this alleged impairment in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. (Tr. 18). See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is

5

harmless); <u>Elmore v. Astrue</u>, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); <u>see</u> <u>also</u> 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Thus, the ALJ's finding that Plaintiff's alleged diverticulitis is not a "severe" impairment does not constitute reversible error.

### C.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  <u>See</u> <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. <u>Id</u>.  As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." <u>Edwards v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the <u>Polaski</u> factors.  As noted by the ALJ, Plaintiff testified that he started working in the Wal-Mart tire department starting in September of 2011, for thirty-two hours a

week.  (Tr. 30).  While Plaintiff testified that he was absent from his job due to his physical impairments, as noted by the ALJ, pay-stubs submitted by Plaintiff indicate he was able to work an average of thirty-one hours a week from September of 2011, through May of 2012.  (Tr. 258-274).  The ALJ further pointed out that Plaintiff was able to drive and to shop independently during the time period in question.  A review of the evidence reveals that in July of 2011, Plaintiff "very reluctantly admitted" to Dr. Nancy A. Bunting, that he was able to shop independently.  (Tr. 383).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds.  Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).  As pointed out by the ALJ, the evidence revealed that Dr. Jacob L. Dickinson offered to help Plaintiff set up an appointment with the financial counselor at the hospital so that Plaintiff could undergo a hernia repair; however, Plaintiff testified that he did not recall Dr. Dickinson offering to help him set up an appointment with a financial counselor. (Tr. 52, 370).  The record further revealed that Plaintiff was able to come up with the funds to support his smoking habit during the relevant time period.

With regard to the testimony of Plaintiff's wife and friend, as well as a letter from Plaintiff's manager, the ALJ properly considered this evidence but found it unpersuasive.  This determination was within the ALJ's province.  See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has

7

not established that he was unable to engage in any gainful activity during the relevant time period. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**D.   The ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Anandaraj Subramanium, Nancy Bunting, Diane Kogut, Bill F. Payne, Kay Cogbill, Jim Takach, and Vann Arthur Smith,

AO72A
(Rev. 8/82)

and set forth the reasons for the weight given to the opinions. <u>Renstrom v. Astrue</u>, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); <u>Prosch v. Apfel</u>, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### E.   Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. <u>Goff v. Barnhart</u>, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work a poultry laborer, and a production/assembly worker . <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### F.   Social Security Ruling (SSR) 82-63 showing an inability to make an adjustment to other work:

Plaintiff argues that the ALJ erred in failing to consider the provisions of SSR 82-63, which gives clarification to the two medical-vocational profiles which show an inability to make a vocational adjustment to other work pursuant to 20 C.F.R. § 404.1562. <u>See</u> S.S.R. No. 82-63,

9

1982 WL 31390 (1982). The characteristics of these two medical-vocational profiles are: (1) marginal education and long work experience limited to arduous unskilled physical labor and (2) advanced age, limited education and no work experience.

As Plaintiff has work experience, to be considered disabled under 20 C.F.R. § 404.1562, a claimant must: 1) have only a marginal education; 2) have at least thirty-five years of work experience performing arduous, unskilled physical labor; and 3) be unable due to a severe impairment to return to such labor. 20 C.F.R. § 404.1562(a).  The record does not support a finding that Plaintiff has at least thirty-five years of work experience performing arduous unskilled physical labor, therefore this provision does not apply, and the Court finds no error in the ALJ's determination that Plaintiff could perform other work in the national economy.

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 17th day of June, 2015.

/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

10